W. S. TREFRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3397.  Promulgated January 24, 1928.

*Claude I. Parker, Esq.*, and *Ralph W. Smith, Esq.*, for the petitioner.

*Brice Toole, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner contends that under the Revenue Act of 1924 the period within which additional tax might be assessed against him for the year 1919 expired on March 5, 1925, and that the assessment made by the respondent on April 13, 1925, is void and of no force and effect. He further contends that if the assessment was legally made the amount thereof should be reduced, because the respondent failed to exclude from the income reported on the return the amount of $10,485.33, representing the income of the Trefry Motor Co. for the period January 1 to July 1, 1919, which the petitioner included in his own income on the theory that the Trefry Motor Co. was a personal service corporation; that the petitioner's gain from the liquidation of the Trefry Motor Co. as determined by the respondent should be reduced by the amount of $4,037.91, because

the assets received by the petitioner on dissolution were worth that much less than their book value, and that the gain arising from the liquidation is subject only to surtax. The respondent concedes that he should have excluded from the income reported in the petitioner's return the amount of $10,485.33, included in the income of the Trefry Motor Co., but denies that he erred in any other respect. As to the validity of the assessment the respondent urges that the letter sent on February 14, 1925, was a notice of a deficiency mailed within the purview of section 274(a) of the Revenue Act of 1924; that the period within which the assessment could be made was thereby extended by section 277(b) of that Act, and that the assessment was made within the period as extended.

That the Board has jurisdiction of this proceeding is clear, since the petition was filed within sixty days from the date the deficiency letter was mailed, whether the date of mailing was February 14, 1925, as contended by the respondent, or March 21, 1925, as claimed by the petitioner.

The parties hereto are in agreement that the petitioner's income-tax return for the year 1919 was filed on March 5, 1920; that on February 14, 1925, a deficiency notice was addressed to the petitioner at "Topeka, Kansas," and was put in the mail and was returned unclaimed; that the notice was subsequently, on March 21, 1925, remailed to the petitioner at Los Angeles, Calif., and was received by him, and that the period within which the additional tax could be assessed against the petitioner expired on March 5, 1925, unless the letter of February 14, 1925, was "mailed" to the petitioner within the meaning of the Revenue Act of 1924, so as to extend the period for assessment.

What constitutes "mailing" under the Revenue Acts of 1924 and 1926 has been the subject of consideration by this Board. In *Utah Orpheum Co.*, 6 B. T. A. 343, Korner, *Chairman*, in discussing this question, said:

The question of mailing is a mixed question of law and fact. The authorities seem to be clear that three elements are necessary to constitute mailing: (1) That the matter sought to be mailed be duly deposited with the postal authorities; (2) that it bear proper postage or be free of postage; and (3) that it be properly addressed to the person for whom it is intended. In the instant case only the third element is involved. There may be cases in which difficulty is experienced in determining whether the matter sought to be mailed is properly addressed. Many facts and circumstances may have to be considered, and doubts resolved, for a correct determination in such a case. But in a case wherein it is shown that the matter was not properly addressed, a mailing was not accomplished.

See also *Walter G. Morgan*, 5 B. T. A. 1035.

Applying to the facts here presented the rule we have just quoted, it is clear that the notice of deficiency was not mailed to the petitioner

on February 14, 1925, within the meaning of the statute. One of the elements of a proper mailing is missing—the notice was not properly addressed. The petitioner printed on his income-tax return for 1919 that his then address was at 1014 Kansas Avenue, Topeka, Kans., and he later notified the collector of his change of address, and we are of the opinion that under the circumstances the mailing of the notice that we have under consideration was not the mailing required by section 274(a) of the Revenue Act of 1918. It follows that the period within which the additional tax could be assessed against the petitioner for the year 1919 expired on March 5, 1925, and the assessment made on April 13, 1925, has no force or effect. Since the statute of limitations has run against the assessment and collection of the tax, there is no deficiency.

*Judgment of no deficiency will be entered.*