## WELCH, Collector of Revenue, v. SCHWEITZER.

### No. 9122.

Circuit Court of Appeals, Ninth Circuit.

Oct. 14, 1939.

James W. Morris, Asst. Atty. Gen., Sewall Key, Arthur A. Armstrong, and John A. Gage, Sp. Assts. to Atty. Gen., and Ben Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellant.

Johnson & Johnston, of Los Angeles, Cal., for appellee.

Before WILBUR and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court entered October 24, 1938, ordering refund to appellee, the taxpayer, of certain sums because of overpayments of income taxes for the calendar years 1920 and 1921.

The taxpayer filed his income tax returns for the calendar years 1920 and 1921 on or before the 15th day of March, 1921, and the 15th day of March, 1922, respectively. On the returns he showed his residence address as 3011 South Hoover Street, Los Angeles, California. On or about September 11, 1922, he changed his residence address to 1635½ Edgecliff Drive, Los Angeles, and on or about March 10, 1923, he again changed his residence to 1535 Murray Circle, Los Angeles, at which latter address he has continued to reside.

The taxpayer for the calendar years 1923–1927, inclusive, filed his personal federal income tax returns with the Collector of Internal Revenue at Los Angeles, in each of which he reported his residence address as 1535 Murray Circle, Los Angeles, and did not fill out the line upon which his business address might have been reported.

When the taxpayer filed his 1920 and 1921 federal income tax returns his place of business was 830 South Olive Street, Los Angeles. Prior to December 19, 1925, he changed his place of business to 1235 West Pico Street, Los Angeles, California, which was thereafter his place of business until 1929. Prior to December 19, 1925, an Internal Revenue agent called upon the taxpayer at 1235 West Pico Street, made an audit of the taxpayer's income tax returns for the years 1920 and 1921 and duly reported the result of the audit to the supervising Internal Revenue agent at San Francisco, reporting therein that the taxpayer's business address was no longer 830 South Olive Street and that his business address at the time of the investigation was 1235 West Pico Street, Los Angeles, California. On October 14, 1925, a revenue agent obtained from the taxpayer a waiver which provided that the taxpayer and the Commissioner of Internal Revenue waived the time prescribed by law for making any assessment of the amount of income, excess profits or war profits taxes due under any return made by taxpayer for the years 1920 and 1921 under the existing Revenue Acts or prior Revenue Acts, but expressly provided that such waiver of the time for making any assessment should remain in effect until December 31, 1926, and should then expire, except that if a notice of a deficiency in tax were sent to taxpayer by registered mail before December 31, 1926, and no appeal was filed therefrom with the United States Board of Tax Appeals, then

the date should be extended sixty days, or if an appeal was filed with the Board, then the date should be extended by the number of days between the date of mailing of the notice of deficiency and the date of final decision by the Board. An internal revenue agent called upon the taxpayer at 1235 West Pico Street prior to July 20, 1926, and made a further audit of the taxpayer's income tax returns for the years 1920 and 1921, and made a supplemental report dated July 20, 1926, to the supervising Internal Revenue agent at San Francisco, in which report the taxpayer's address was given as 1235 West Pico Street, Los Angeles, California. On September 3, 1926, the supervising Internal Revenue agent at · San Francisco sent the waiver and the reports of the Internal Revenue agent to the Commissioner of Internal Revenue at Washington, D. C. These reports were in the files of the Commissioner of Internal Revenue at Washington, D. C. prior to December 17, 1926.

On the 17th day of December, 1926, the Commissioner sent · a deficiency notice for the years 1920 and 1921, by registered mail, to Mr. E. J. Schweitzer, 3011 South Hoover Street, Los Angeles, California. The notice was returned to the Commissioner at Washington, D. C., and was not delivered by the postal authorities because the taxpayer was no longer at 3011 South Hoover Street, Los Angeles, California. Thereafter the Commissioner erased the date of December 17, 1926, on the notice and redated it January 8, 1927, substituted 1235 West Pico Street for the former address, and remailed the notice on the 8th day of January, 1927. The notice was delivered in due course of the mails and received by the taxpayer on or about the 13th day of January, 1927. The deficiency notice notified the taxpayer that the Commissioner had determined · deficiencies against the taxpayer for the years 1920 and 1921 totaling $4,378.11.

The taxpayer did not file any petition with the United States Board of Tax Appeals against the deficiency notice. for · either of the years 1920, 1921. The Commissioner of Internal Revenue assessed the deficiencies on the 19th day of March, 1927, and after the regular formal notice and the issuance of a distraint warrant against the taxpayer, the tax was paid under protest on September 24, 1927. Immediately following the payment of the taxes the taxpayer filed claims for refund of the entire amount paid. On May 11, 1928, the Commissioner notified the taxpayer of the rejection of his claims for refund in their entirety. Thereafter on May 10, 1930, the taxpayer filed his complaint herein.

Under the applicable provisions of Section 277 of the Revenue Act of 1926, 44 Stat. 58, the time for making the deficiency assessments would have expired in the early part of 1926. However, by virtue of Section 278(c) of the Act[1] and the waiver executed by the Commissioner and the taxpayer, the period of time for making the assessment was extended.

The waiver provided that the assessment might be made until December 31, 1926, and that if prior to that time a notice of deficiency in tax was sent to the taxpayer by registered mail and no appeal was filed therefrom with the Board of Tax Appeals then the date would be extended 60 days.

Section 283(a) of the Revenue Act of 1926, 44 Stat. 63, provided: "If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act. * * *"

Section 274(a) of the Revenue Act of 1926, 44 Stat. 55, provided: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivi-

---

[1] "Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon." Revenue Act of 1926, § 278(c), 44 Stat. 9, 59.

sion (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. * * *"

Section 277(b) of the Revenue Act of 1926, 44 Stat. 58, provided: "The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter."

By virtue of section 277(b), if a valid mailing of the deficiency notice occurred on December 17, 1926, the time for making assessment was extended to April 17, 1927, because under section 274(a) the Commissioner is restrained from making assessment until the expiration of 60 days after the mailing of the deficiency notice and because under section 277(b) the running of the statute of limitations is suspended for the period during which the Commissioner is prohibited from making the assessment and for 60 days thereafter, or a total of 120 days, and the assessment made March 19, 1927, was in time.

If, however, there was not an effective mailing of the deficiency notice prior to the mailing of January 8, 1927, then neither that later mailing nor the assessment of March 19, 1927, were in time, because the waiver period expired December 31, 1926.

The language of section 274(a) is that "the Commissioner is authorized *to send notice* of * * * deficiency *to the taxpayer by registered mail*" and "Within 60 days after such notice is *mailed* * * *." (Emphasis supplied.) We are asked to determine whether a notice was sent "to the taxpayer by registered mail", whether a notice was "mailed", within the meaning of the statute.

In this case, as in many other such cases, the notice of deficiency was mailed several years after the filing of the returns. These returns satisfied the requirement of the forms established by regulation, in giving the residence and business address of the taxpayer. Moreover, the taxpayer satisfied the law and regulation for a similar naming of his residence address in his returns for each of the succeeding tax years. The subsequent returns show the changed and true residence address of the taxpayer.

While it is true that the computation of the tax of a particular year is confined to income returnable for the 365 days of that year, the accounting system of the government recognizes the continued relationship of the taxpayer to the Treasury. In various items of account the field agents check with the determinations of prior tax years—for instance, in the depreciation in value of property in which the taxpayer has invested. In this case, if the refund be granted, the statute requires that the debit or credit relationship of the taxpayer for each intervening tax year prior to the payment of the refund shall be examined to determine whether or not the taxpayer's overpayment, or some part thereof, shall "be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer." Sec. 284(a) of the Revenue Act of 1926, 44 Stat. 66.

This recognized continued relationship of the taxpayer to the Treasury created by statute for the purpose of crediting overpayments, made available in this case to the Commissioner the true residence address of the taxpayer, as shown in his later returns. The application of ordinary business principles to the tax business of the government would seem to require the Commissioner to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency.

Furthermore in this particular case the field agents of the Department examining the taxpayer's accounts with reference to the assessment made for the tax years in question, in their return to the Commissioner gave in the year 1926 a correct business address of the taxpayer different from that appearing on his returns for those tax years.

It is unnecessary for us to decide whether the last advice of the taxpayer to the Treasury Department of his address would be a sufficient address for the notice

required by the statute if in fact it were not his true address. It is sufficient in the circumstances to hold that the original notice of December 17, 1926, was ineffective since it was mailed to neither the last known business or residence address of the taxpayer, nor to his actual address.

There is no merit in the contention that effective notice was given because the same piece of paper containing the notice of deficiency was on its return to the Commissioner, after the unsuccessful mailing of December 17, 1926, thereafter redated by the Commissioner and remailed on January 8, 1927.

It is also unnecessary for us to decide what result would obtain if the notice mailed December 17, 1926, had not been returned to the Commissioner but had been forwarded by the Post Office Department to the taxpayer.

We hold that the notice required to be mailed by section 274(a) of the Revenue Act of 1926 was not mailed within the time required and that the subsequent assessment attempted to be made March 19, 1927, by the Commissioner was beyond his power.

Affirmed.