264 F.2d 227
 Mary Jo WILLIAMS, Administrator of the Estate of Percy L. Williams, and Mary Jo Williams, Transferee of the assets of Percy L. Williams, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 13680.
 United States Court of Appeals Sixth Circuit.
 February 27, 1959.
 
 Sol Goodman, Cincinnati, Ohio, Goodman & Goodman, Theodore M. Berry, Cincinnati, Ohio, for appellants.
 David O. Walter, Washington, D. C., Charles K. Rice, Lee A. Jackson, I. Henry Kutz, Carolyn R. Just, Washington, D. C., Hugh K. Martin, Richard H. Pennington, Cincinnati, Ohio, for appellee.
 Before MARTIN, Chief Judge, ALLEN, Circuit Judge, and MATHES, District Judge.
 PER CURIAM.
 
 
 1
 A deceased Ohio taxpayer's transferee and personal representative appeals from a judgment decreeing, among other relief, foreclosure of the Government's lien for income taxes, and dismissal of a counterclaim to enjoin collection of the taxes, claimed under an assessment made after notice of deficiency allegedly given as required by statute. [Int.Rev.Code, §§ 6212(b)(1), 6213(a, c), 7421, 26 U.S.C.A. §§ 6212(b)(1), 6213(a, c), 7421.]
 
 
 2
 Appellants contend that the assessment is void because the statutory notice of deficiency upon which it is predicated was not mailed to the taxpayer "at his last known address" within the meaning of Int.Rev.Code, § 6212(b)(1).
 
 
 3
 There is no dispute as to the facts. A little more than one year prior to his death on November 3, 1955, the taxpayer had filed with the District Director of Internal Revenue for the District of Ohio a power of attorney wherein the taxpayer "authorized and requested that all communications and other matters be mailed to the following address: * * * [the name and address of his attorney in fact]."
 
 
 4
 On December 2, 1955, prior to the appointment of a personal representative to administer the estate of the decedent and before any notice of fiduciary relationship was filed under Int.Rev.Code, § 6903, 26 U.S.C.A. § 6903, the Commissioner of Internal Revenue sent the challenged notice of deficiency by registered mail addressed to the taxpayer in care of and at the address of the attorney in fact as requested and directed in the power of attorney on file. The attorney returned the notice to the District Director, advising that his power of attorney had been revoked by the death of the taxpayer.
 
 
 5
 No petition for a redetermination of the claimed deficiency was ever filed with the Tax Court on behalf of the taxpayer or his estate, and the assessment in controversy followed. [Int.Rev.Code, § 6213 (a, c); cf. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165.]
 
 
 6
 Appellants' contention that the assessment is void because the notice of deficiency was not sent to the "last known address" of the taxpayer, is based upon the fact that the District Director had in his file a residence address and a business address of the taxpayer.
 
 
 7
 It is true of course, as appellants say, that death of the taxpayer revoked the authority of the attorney. [Hunt v. Rousmanier's Administrators, 1823, 8 Wheat. 173, 21 U.S. 173, 5 L.Ed. 589.] But revocation of the power of attorney did not erase the taxpayer's request therein to the Director that "all communications and other matters be mailed" to the taxpayer at the attorney's address.
 
 
 8
 While we must agree with appellants that here the Director did not exert himself to see that the notice of deficiency reached proper hands, still we cannot say there was not minimum compliance with the mailing procedure authorized by § 6212(a), (b)(1) of the Internal Revenue Code. [Cf.: Dolezilek v. Commissioner, 1954, 94 U.S.App.D.C. 97, 212 F.2d 458; Commissioner of Internal Revenue v. Stewart, 6 Cir., 1951, 186 F.2d 239, 24 A.L.R.2d 793; Clark's Estate v. Commissioner, 2 Cir., 1949, 173 F.2d 13; Welch v. Schweitzer, 9 Cir., 1939, 106 F.2d 885; Dilks v. Blair, 7 Cir., 1927, 23 F.2d 831; Gregory v. United States, 1944, 57 F.Supp. 962, 102 Ct.Cl. 642, certiorari denied, 1945, 326 U.S. 747, 66 S.Ct. 26, 90 L.Ed. 447.]
 
 
 9
 Upon the findings of fact and conclusions of law made by District Judge Druffel, the judgment is affirmed.