PHILIP REDDOCK AND JUDITH REDDOCK, PETITIONERS
v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7923–78.     Filed April 2, 1979.

*Leonard Rosenblatt* and *Jules Ritholz*, for the petitioners.
*Mary V. Harcar*, for the respondent.

OPINION

FEATHERSTON, *Judge:* This case involves a deficiency in the amount of $20,184 in petitioners' Federal income tax for 1974 together with an addition to such tax in the amount of $1,009 under section 6653(a).[1] Petitioners have filed a motion to reconsider an order of this Court, dated November 22, 1978, denying their motion to strike, to dismiss, and to enjoin. The motion which was denied requested the Court (a) to strike paragraph 9(a) of respondent's answer, (b) to dismiss the answer on the ground that the statute of limitations bars the assessment, (c) to dismiss the answer for lack of jurisdiction, and (d) to enjoin respondent from assessing a deficiency for 1974.

The Court has concluded that petitioners' motion to reconsider should be granted, and the Court's order of November 22, 1978, should be vacated.

The ultimate issue to be decided is whether, in the light of the facts briefly stated below, the assessment of a deficiency in petitioners' income tax for 1974 is barred by the statute of limitations prescribed by section 6501(a).

Petitioners filed a timely Federal income tax return for 1974 on which their address was shown as 2303 Avenue J, Brooklyn, New York (the Brooklyn address). In 1976, petitioners moved to 245 East 63d Street in New York (the East 63d Street address) and filed with the Internal Revenue Service a power of attorney stating that "all notices and other written communications" involving their income tax liability for 1974 should be mailed to their attorney at his law firm address at 80 Pine Street in New York.

On April 12, 1978, respondent mailed a notice of deficiency for 1974 by certified mail to petitioners at their former Brooklyn address. The notice of deficiency was returned to the Internal

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.

Revenue Service by the United States Postal Service (Postal Service) and on April 26, 1978, after the 3-year period of limitations on assessments prescribed by section 6501(a) had expired, respondent remailed the same notice of deficiency by ordinary mail to petitioners at their East 63d Street address. That address had been shown on petitioners' 1976 and 1977 income tax returns.

Petitioners received the remailed notice and filed their petition with the Court on July 11, 1978, in which they alleged, among other things:

The statutory notice was mailed to Petitioners on April 26, 1978 by ordinary mail and was received by them on April 29, 1978. More than three years elapsed between April 15, 1975, on or before which date Petitioners' income tax return was filed and April 26, 1978. Accordingly, the assertion of deficiency is barred by limitations.[2]

The answer denies these allegations. As a further defense, the answer alleges that petitioners' income tax return for 1974 was filed on or before April 15, 1975, and that the notice of deficiency was timely sent to petitioners by certified mail on April 12, 1978, which date was prior to the expiration of the limitations period for assessments for 1974. Subsequently, petitioners filed the motion which is now before the Court.

Section 6501(a) provides that the amount of any deficiency in income tax shall be assessed within 3 years after the return was filed. Section 6503(a) provides, however, that the running of the 3-year period of limitations is suspended by "the mailing of a notice under section 6212(a)." Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." Section 6212(b)(1) provides that a notice of a deficiency in respect of an income tax

---

[2]Although respondent's answer denies these allegations, his counsel in opposing petitioner's motion stated:

"Respondent mailed the 90-day notice * * * for the taxable year 1974, on April 12, 1978, by certified mail to the Petitioners' address as shown on their 1974 income tax return, at 2301 [sic] Avenue J, Brooklyn, New York. This 90-day notice was returned to the Internal Revenue Service by the United States Post Office, and remailed to the Petitioners by ordinary mail to their address at 245 East 63rd Street in New York. Within the 90-day period, a timely petition was filed with the Tax Court by the Petitioners on July 11, 1978."

In connection with the Court's consideration of petitioners' motion, respondent has not denied petitioners' assertion that the notice of deficiency was remailed to petitioners on Apr. 26, 1978. To the contrary, the motion has been argued on the assumption that it was remailed on that date.

"shall be sufficient" if it is "mailed to the taxpayer at his last known address."[3]

In support of their contention that the notice of deficiency was not timely mailed, petitioners point out that the first notice in this case was mailed on April 12, 1978, to their Brooklyn address, and they did not receive it. The notice was, in fact, returned to the Internal Revenue Service. Since the power of attorney which petitioners filed with the Internal Revenue Service directed that all such notices and communications be sent to their law firm's address, they maintain that the notice was not mailed to their "last known address" within the meaning of section 6212(b)(1). The only other notice mailed to them was sent to their East 63d Street address and that notice (in fact, the same document) was sent to them after the 3-year statute of limitations prescribed by section 6501(a) had expired. Since respondent did not send petitioners a timely notice of deficiency, they argue that assessment of these determined deficiencies is barred by limitations. Respondent argues, however, that since petitioners filed their petition within 90 days of the date on which the April 12, 1978, notice was mailed, the purposes of section 6212(a) and 6212(b)(1) were served, and that, by filing the petition, petitioners waived the consequences of the error made in the address of the original notice.

We think it is quite clear that the power of attorney directing "all notices and other written communications" to be sent to petitioners at the 80 Pine Street address of their attorneys was sufficient to render that address petitioners' "last known address" for the purposes of their 1974 income tax liability. *D'Andrea v. Commissioner*, 263 F.2d 904, 907 (D.C. Cir. 1959). We do not understand respondent to argue otherwise.[4] The

---

[3]SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

[4]Petitioners cite and quote the following passage from sec. 4462.1(3) of the Internal Revenue Service Manual on the mailing of notices in such cases:

wording of this power of attorney differs from ones in which only "copies" of notices and correspondence are directed to be sent to an attorney. *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967), appeal dismissed June 26, 1969. The notice of April 12, 1978, simply was not sent to petitioners' "last known address" within the meaning of section 6212(b)(1).

It is true that this Court and the appellate courts in recent years[5] have taken a practical approach in applying the requirements of section 6212 with respect to the mailing of the notice of deficiency to taxpayer's last known address. Section 6212(a) merely *authorizes* the Secretary to send notices of deficiency by registered or certified mail. Other means of delivery may be used. The "purpose of the statutory requirement for the issuance of deficiency notices is to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised." *Perlmutter v. Commissioner*, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967).

Thus, a timely notice of deficiency was valid where it was sent by ordinary rather than certified or registered mail to a taxpayer at his correct address and was received by him the following day. *Boren v. Riddell*, 241 F.2d 670, 673–674 (9th Cir. 1957). Similarly, a timely notice was valid where it was mailed to the taxpayer at an incorrect address but was received in sufficient time to enable him to file a timely petition in this Court. *Robinson v. Commissioner*, 57 T.C. 735, 737 (1972). In a wide variety of circumstances, timely notices improperly addressed have been held sufficient where they were actually received without such delay as to deprive the taxpayer of the

---

"Ordinarily, the statutory notice will be sent to the address shown on the taxpayer's return. However, be very careful in determining the address to be used if the taxpayer has specifically notified the Service of a different address. Thus, a thorough search of the administrative file should be made and all documents such as Forms 872 (Consent Fixing Period of Limitations Upon Assessment of Income Tax), Powers of Attorney, and all other file correspondence should be examined to determine the taxpayer's last known address prior to mailing a statutory notice of deficiency. *For example, a statutory notice sent to the last known home address of the taxpayer would be invalid if a power of attorney is submitted which specifically directs that all correspondence, documents, etc., relating to the tax matter be sent to the taxpayer in care of the taxpayer's attorney.* Therefore, if there is any doubt as to what constitutes the last known address of the taxpayer, duplicate original statutory notices should be sent by certified mail to each known address. [Emphasis added.]"

[5]See *Boren v. Riddell*, 241 F.2d 670, 671–672 (9th Cir. 1957), which contrasts the earlier cases which applied a provision in the 1924 Revenue Act to the effect that the notice "shall be sent by registered mail" with cases applying the current version of sec. 6212(b)(1) set forth in n. 3 *supra*.

right to challenge the determined deficiency in this Court. See cases cited in *Lifter v. Commissioner*, 59 T.C. 818, 822–823 (1973).

But all of those cases involved timely notices of deficiencies. The notice of deficiency sent to petitioners was not timely. It was not mailed until April 26, 1978, and by that date the 3-year statute of limitations on assessments prescribed by section 6501(a) had expired. The Secretary no longer possessed power to make a valid assessment or to issue a notice of deficiency which, under section 6503(a), would suspend the running of the statute of limitations.

Quite clearly, the incorrectly addressed notice of deficiency mailed on April 12, 1978, which the Postal Service returned to the Internal Revenue Service, did not suspend the running of the statute.[6] That notice was not mailed to petitioners' "last known address" and, consequently, was not "sufficient," within the meaning of section 6212(b)(1). In *Welch v. Schweitzer*, 106 F.2d 885 (9th Cir. 1939), the notice of deficiency was sent by registered mail to an incorrect address 2 weeks before the limitations period expired. It was returned undelivered and remailed to the proper address 8 days after the statutory period expired. The Court of Appeals held that the original notice was ineffective because it was not mailed to the proper address, stating that (106 F.2d at 888) "the subsequent assessment attempted * * * by the Commissioner was beyond his power."[7]

Similarly, in *Rodgers v. Commissioner*, 57 T.C. 711 (1972), the Commissioner attempted to mail a notice of deficiency to Rodgers' correct address outside the United States 1 day before the expiration of the 3-year limitations period on assessments. The notice was sent by certified mail but was returned by the Postal Service because certified mail cannot be sent outside the United States. The Commissioner then remailed the notice of deficiency by registered mail 5 days after the statute of limitations had run. The Court granted Rogers' motion to strike

---

[6]In *Boren v. Riddell, supra* at 671, the court said:

"On March 11, 1955, the Commissioner sent a notice of deficiency by registered mail to the taxpayer at the wrong address. This notice is conceded by both parties to be ineffective for any purpose."

[7]In *Welch v. Schweitzer*, 106 F.2d 885, 888 (9th Cir. 1939), the court said:

"There is no merit in the contention that effective notice was given because the same piece of paper containing the notice of deficiency was on its return to the Commissioner, after the unsuccessful mailing of December 17, 1926, thereafter redated by the Commissioner and remailed on January 8, 1927."

the Commissioner's answer on the ground that the notice of deficiency was not mailed within the statutory period, stating that (57 T.C. at 713) the Commissioner "could not breathe life back" into the notice by remailing it by registered mail at a later date. See also *Trefry v. Commissioner*, 10 B.T.A. 134, 138 (1928).

Respondent argues, however, that by filing a timely petition in the Tax Court petitioners waived the "technical defects" in the mailing of the notice of deficiency. It is true, as respondent argues, that in a variety of factual situations the Court has upheld notices of deficiencies which were technically defective. In *Berger v. Commissioner*, 48 T.C. 848 (1967), affd. 404 F.2d 668 (3d Cir. 1968), cert. denied 395 U.S. 905 (1969), for example, a timely notice was held to be valid where the original was sent by registered mail to the taxpayer at the address shown on his return and a copy was sent to an attorney named in a power of attorney designated to receive all correspondence to be addressed to the taxpayers. Similarly, in *Clodfelter v. Commissioner*, 57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976), a timely notice was mailed to 3020 Beverly Plaza, Long Beach, Calif., whereas petitioner's correct street address was 2050 Beverly Plaza, but no delay in receipt of the notice was occasioned by the incorrect address. In both of these cases, cited by respondent, the courts held that the notices of deficiency were legally sufficient despite the technical defects. See also *Lifter v. Commissioner*, 59 T.C. at 823–824.

Those cases are, however, different from the instant one. We are not here dealing with a technical defect. We are dealing with the statute of limitations on assessments which goes to the heart of the Commissioner's power to determine and assess deficiencies. As pointed out above, the erroneously addressed and undelivered notice of deficiency sent to petitioners on April 12, 1978, was a nullity. See *Boren v. Riddell, supra* at 671; *Welch v. Schweitzer, supra* at 888; *Rodgers v. Commissioner, supra* at 713. It is true that a notice was later sent to petitioners on April 26, 1978. But that notice was issued *after* the 3-year limitations period prescribed by section 6501(a) had expired.

By filing their petition in this Court, petitioners waived nothing. They filed their petition to challenge the determination that there was a deficiency in their income tax. Otherwise, they might have been faced with an assessment of the taxes in issue followed by a notice and demand for payment even though the

assessment would have been invalid. In those circumstances, they could have challenged the validity of the assessment only by filing an injunction proceeding or paying the assessment and suing for a refund. Since the 3-year statute of limitations on assessments had expired before the notice of deficiency was mailed on April 26, 1978, there is no deficiency due from petitioners. *Trefry v. Commissioner*, 10 B.T.A. at 137; *Rogers v. Commissioner*, 57 T.C. at 714.[8]

Accordingly, an appropriate order will be issued granting petitioners' motion for reconsideration of its motion to strike, to dismiss, and to enjoin. Items (a) and (b) of their original motion, treated as a motion for summary judgment, will be granted.[9] The original motion, insofar as it seeks dismissal of the answer for lack of jurisdiction and an injunction against assessing a deficiency for 1974, will be denied.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[8]Where a petition was *not* filed within 90 days of the date on which a notice of deficiency was mailed to an incorrect address, the Court lacks jurisdiction. Ordinarily, the Court will dismiss such a petition on the ground that the notice was invalid and, for that reason, was insufficient to confer jurisdiction on the Court. See, e.g., *O'Brien v. Commissioner*, 62 T.C. 543, 548 (1974); *Heaberlin v. Commissioner*, 34 T.C. 58, 59 (1960). In the instant case, however, a petition was filed within the 90-day period after the notice of deficiency was mailed.

[9]See *Johnson v. Commissioner*, 68 T.C. 637, 646 (1977).