RICHARD E. WEBER and SANDRA L. WEBER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weber v. Commissioner
Docket No. 13964-80.
United States Tax Court
T.C. Memo 1983-610; 1983 Tax Ct. Memo LEXIS 183; 46 T.C.M. (CCH) 1568; T.C.M. (RIA) 83610; September 27, 1983. *183 On June 30, 1980 respondent mailed a notice of deficiency for 1975 to petitioners at an incorrect address. This notice was returned to the Internal Revenue Service marked, "Moved, not forwardable." Subsequently, on July 11, 1980, 11 days after the expiration of the extended 3-year statute of limitations, respondent mailed the notice of deficiency to petitioners at their correct address. Petitioners filed their petition in this Court on July 21, 1980. Held, assessment of a deficiency in petitioners' income tax for 1975 is barred by the 3-year statute of limitations prescribed by sec. 6501(a), I.R.C. 1954. Reddock v. Commissioner,72 T.C. 21 (1979), followed. Sidney A. Soltz, for the petitioners. Steven M. Kwmartin, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This matter is presently before the Court on petitioners' Motion for Summary Judgment filed April 15, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure. The issue for decision is whether a valid notice of deficiency was issued to petitioners within the 3-year statute of limitations period provided in section 6501(a), I.R.C. 1954. Specifically, *185 we first must decide whether the notice of deficiency dated June 30, 1980 was mailed to petitioners at their "last known address" as that phrase is used in section 6212(b)(1). If not, we must then decide whether an incorrectly addressed notice of deficiency, which was not actually received by petitioners, suspends the running of the statute of limitations. Petitioners Richard E. Weber and his wife, Sandra L. Weber, resided in Edina, Minnesota at the time of filing the petition herein. They timely filed a joint Federal income tax return for the calendar year 1975 with the Internal Revenue Service Center, Ogden, Utah. During the taxable year in question, petitioners were apparently partners in two partnerships entitled Applewood Associates or Tudor Associates, Ltd., and Medical & Hospital Management. Prior to the expiration of time prescribed by section 6501(a) for the assessment of income tax for the taxable year 1975, petitioners and respondent, on March 12, 1979, executed an agreement in writing pursuant to the provisions of section 6501(c)(4) extending the statute of limitations for that year to June 30, 1980. On April 24, 1980, Internal Revenue Agent John M. Boujoulian *186 wrote a letter to petitioner Richard E. Weber requesting information pertaining to his investment in Applewood Associates. That letter was addressed to Mr. Weber at 5400 Larada Lane, Edina, Minnesota 55424. On May 23, 1980, Mr. Weber wrote the following reply: Dear Mr. Boujoulian, Per your request I am forwarding the information that I have regarding Tudor. I apologize for the delay, but I am sure that you can appreciate going back 5 years and collecting the data after 3 moves has been quite a challenge. I hope this information is what you require. Sincerely, /s/ Richard E. Weber Mr. Boujoulian received the information and subsequently returned it to petitioners on May 28, 1980, along with the following note addressed to petitioners' Edina, Minnesota address: Dear Mr. Weber: Enclosed please find your original cancelled checks and promissory note. I made copies and am returning same to you so that you may place them back in your files. Thank you for your cooperation in this matter. Sincerely yours, /s/ John M. Boujoulian John M. Boujoulian, Revenue Agent Copies of these correspondences were introduced into evidence by petitioners along with a letter *187 dated May 22, 1980 from Albert Cuoco, Jr., Special Programs Coordinator with the Internal Revenue Service. In this letter, Mr. Cuoco asked petitioners to extend again the statute of limitations for their 1975 taxable year. This letter was also addressed to petitioners at their address in Edina, Minnesota. Enclosed in this letter were copies of a Form 872 Consent to Extend the Time to Assess Tax upon which the Internal Revenue Service had typed the following information in the proper place for petitioners' address: "Formerly: 10 Lanark Road, Wellesley, Mass. 02181. Presently: 5400 Larada Lane, Edina, Mn. 55424." Petitioners chose not to execute the enclosed Form 872 extending the statute of limitations. Accordingly, on June 30, 1980, respondent sent to petitioners by certified mail a statutory notice of deficiency for the calendar year 1975 in the amount of $9,953.62. Despite the fact that the Internal Revenue Service was obviously aware of petitioners' new address, the notice of deficiency was unexplainably addressed to petitioners at their former address of 10 Lanark Road, Wellesley, Mass. 02181 The notice of deficiency was returned to respondent marked "Moved, not forwardable. *188 " Subsequently, on July 11, 1980, 11 days after the running of the already extended 3-year period of limitations on assessments prescribed by section 6501(a) had expired, respondent remailed the same notice of deficiency to petitioners at their Edina, Minnesota address. Petitioners received the remailed notice of deficiency and filed their petition with this Court on July 21, 1980, in which they alleged, among other things: That the assessment and collection of the tax for the year 1975 is barred by the statute of limitations for the reasons that: (1) your petitioners extended the statute of limitations on assessment and collection of the taxes for the year 1975 to June 30, 1980; (2) that the Commissioner on May 22, 1980 requested a further extension of the statute of limitations by mailing same to your petitioners at 5400 Larada Lane, Edina, Minnesota 55436, [1] which extension was never executed by the petitioners herein; and (3) that the statutory Notice of Deficiency was not mailed to your petitioners at their last known address, to-wit: 5400 Larada Lane, Edina, Minnesota 55436, [1] until July 11, 1980 as evidenced by a copy of transmittal letter which is attached hereto. *189 In his answer, respondent denies these allegations. As a further defense, the answer alleges that petitioners' income tax return for 1975 was filed on or before April 15, 1976; that prior to the expiration of the time prescribed by section 6501(a) for the assessment of income tax due, petitioners and respondent executed an agreement in writing extending the statute of limitations for 1975 to June 30, 1980; and that the notice of deficiency was timely sent to petitioners by certified mail on June 30, 1980, which date was prior to the expiration of the limitation period for assessments as duly and timely extended under the agreement executed by the parties. Subsequently, petitioners filed the motion that is now before this Court. Section 6501(a) provides that the amount of any deficiency in income tax shall be assessed within 3 years after the return was filed. Section 6503(a) provides, however, that the running of the 3-year period of limitations is suspended by "the mailing of a notice under section 6212(a)." Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by *190 certified mail or registered mail." Section 6212(b)(1) requires that such notice be mailed to the taxpayer's "last known address." Neither section 6212 nor the regulations promulgated thereunder defines what constitutes a taxpayer's "last known address." We have defined it as that person's "last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner,78 T.C. 215, 218 (1982). In short, the taxpayer's "last known address" is that address where the respondent reasonably believes, based on all the facts and circumstances, the taxpayer wishes the notice to be sent. Brown v. Commissioner,supra at 218-219; Weinroth v. Commissioner,74 T.C. 430, 435 (1980). Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once respondent becomes *191 aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. * * * [Frieling v. Commissioner,81 T.C. 42, 49 (1983).] In the instant case, respondent was clearly aware of petitioners' change of address as is evidenced by the fact that respondent used petitioners' Minnesota address to contact them on at least three occasions prior to issuing the notice of deficiency. Furthermore, on the Form 872 forwarded to petitioners by Mr. Cuoco's letter of May 22, 1980, respondent typed petitioners' Minnesota address in the apprpriate place for petitioners' address and specifically desiqnated such address as petitioners' present address. Nevertheless, respondent mailed the notice of deficiency to petitioners' old address. Respondent has failed to introduce any evidence explaining this mistake or justifying his actions with respect to his mailing of the notice of deficiency to petitioners' old address. Under Rule 121(d) of the Tax Court Rules of Practice and Procedure--
When a motion for summary *192 judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him. The documentary evidence introduced by petitioners clearly raises the presumption that the notice of deficiency was not mailed to petitioners' last known address. In light of respondent's failure to produce any evidence controverting this presumption, we hold that the notice of deficiency mailed on June 30, 1980 to the Massachusetts address was not mailed to petitioners at their last known address. Having decided that respondent failed to mail the notice of deficiency to petitioners at their last known address, the facts in this case are virtually identical to those in our previous decision in Reddock v. Commissioner,72 T.C. 21 (1979). In granting the taxpayers' motion for summary judgment in that case, we held that: [T]he erroneously addressed and undelivered notice of deficiency sent *193 to petitioners on April 12, 1978, was a nullity. * * * It is true that a notice was later sent to petitioners on April 26, 1978.But that notice was issued after the 3-year limitations period prescribed by section 6501(a) had expired. [Reddock v. Commissioner,supra at 27.] Similarly, in the instant case, the erroneously addressed and undelivered notice of deficiency was sent to petitioners on June 30, 1980, the final day before the expiration of the statute of limitations, to the wrong address. Thus, actual notice was not received prior to expiration of the statute of limitations. The fact that the notice was later mailed to petitioners at their correct Minnesota address on July 11, 1980 did not toll the running of the statute of limitations, which had already expired prior to the time that notice was issued. We note that the present case is distinguishable from Frieling v. Commissioner,supra, because there the only mailing resulted in a delivery to the taxpayer and a timely filing of a petition. Accordingly, an appropriate order will be issued granting petitioners' Motion for Summary Judgment. To reflect the foregoing, *194 An appropriate order will be entered.
Footnotes
1. This is apparently a typographical mistake as the correct zip code, and the one used, was 55424.↩