RICHARD L. MULVANIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mulvania v. Commissioner
Docket No. 7209-83.
United States Tax Court
T.C. Memo 1984-98; 1984 Tax Ct. Memo LEXIS 575; 47 T.C.M. (CCH) 1187; T.C.M. (RIA) 84098; February 29, 1984. Paul Frederic Marx, for the petitioner. Margaret Hebert, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This matter is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction. The petitioner contends that respondent did not mail to him a valid notice of deficiency under section 6212[1] for 1977 within the 3 year statute of limitations on assessments prescribed by section 6501(a) and that this Court, therefore, lacks jurisdiction. Respondent maintains that the Court is without jurisdiction because a petition was not filed within 90 days after a notice of deficiency was mailed, as required by section 6213(a). Clearly, the Court lacks jurisdiction. We must decide on what ground. [2]
FINDINGS OF FACT The record before the Court, consisting of a stipulation of facts and testimony, shows that petitioner timely filed a Federal income tax return for 1977 with the Internal Revenue *577 Service Center, Fresno, California. This return was prepared by Gerald F. Simonis Accountants, Inc., an accounting firm which petitioner has employed since 1974. Petitioner's address, as it appears on his 1977 return, is 57 Linda Isle Drive, Newport Beach, California. For the years 1978 through 1982, all of petitioner's income tax returns were timely filed with the Internal Revenue Service Center, Fresno, California, and all of his returns for those years bore the 57 Linda Isle Drive address. Petitioner's returns for those years were also prepared by the firm of Gerald F. Simonis Accountants, Inc., or its successor firms. On June 13, 1979, respondent mailed to petitioner at the 57 Linda Isle Drive address (with a copy to Gerald F. Simonis as holder of a power of attorney) a communication commonly known as a "30-day letter" setting forth proposed adjustments to petitioner's income tax for 1977 and 1974. On the same date, respondent mailed to petitioner at the 57 Linda Isle address (with a copy to Mr. Simonis as holder of a power of attorney) a "30-day letter" setting forth proposed adjustments to petitioner's income tax for 1976. Petitioner received both of these "30-day *578 letters" in the ordinary course of the mail. On July 25, 1979, respondent mailed to petitioner at the 57 Linda Isle Drive address (with a copy to Mr. Simonis as a holder of a power of attorney) a waiver form (Form 870) relating to the 1976 income tax adjustments proposed by respondent in the "30-day letter" for that year. Petitioner executed a copy of this Form 870 on August 17, 1979, and mailed it to respondent, who received it in the ordinary course of the mail. On this Form 870, petitioner gave 57 Linda Isle Drive as his address. On February 20, 1980, respondent mailed to petitioner at the 57 Linda Isle Drive address a letter requesting that petitioners agree to extend the limitation period for assessing additional income tax for 1976. On December 31, 1980, respondent sent petitioner a similar letter, again to the 57 Linda Isle Drive address, requesting that petitioner agree to extend the limitation period for assessing additional income tax for 1977. No extension, however, was ever executed for 1977. On April 15, 1981, respondent sent petitioner and his former wife, Frances Mulvania, a notice of deficiency for 1974. Respondent sent this notice by certified mail to the *579 57 Linda Isle Drive address and petitioner received it on April 18, 1981, in the ordinary course of the mail. When petitioner received this notice of deficiency, he called his accountant, Mr. Simonis, and told him that he would send it to his office. On April 15, 1981, respondent mailed to petitioner a notice of deficiency for 1977. Respondent also sent this notice by certified mail; however, the notice was addressed to petitioner at "St. Linda Isle Drive, Newport Beach, CA 92663." The United States Postal Service returned this notice to the Internal Revenue Service on April 21, 1981, marked "Not deliverable as addressed." Respondent placed the undelivered notice in petitioner's administrative file and made no attempt to remail the notice to petitioner. On April 15, 1981, respondent also sent, by ordinary mail, a copy of petitioner's 1977 notice of deficiency to Mr. Simonis, petitioner's accountant, as holder of a power of attorney. The parties did not introduce either the original or a copy of the power of attorney which petitioner gave to Mr. Simonis. The parties agreed, however, that the power of attorney given to Mr. Simonis was a standard printed form from the Internal *580 Revenue Service. The parties further agreed that the power of attorney did not direct that the originals of any correspondence from respondent to petitioner be sent to Mr. Simonis; it directed that only copies of such correspondence be sent to Mr. Simonis. Mr. Simonis received the copy of petitioner's 1977 notice of deficiency on or about April 17, 1981 in the ordinary course of the mail. He placed the copy of the notice in petitioner's file and made a note to remind himself to follow up on it. Because it was petitioner's practice to call Mr. Simonis when he had received notices of deficiency for other years, Mr. Simonis expected a telephone call from petitioner when petitioner received the original of the notice but received no such call. Mr. Simonis contacted petitioner on or about June 1, 1981, and asked petitioner to send him the original notice of deficiency for 1977 so that some action could be taken in response. Petitioner informed Mr. Simonis that he had not received any such notice. At some time after June 15, 1981, petitioner made the decision, based on his accountant's advice that he had not received a valid notice of the deficiency for 1977, not to file a petition *581 in the Tax Court at that time. On April 1, 1983, petitioner filed a petition with this Court requesting a redetermination of respondent's determination of a deficiency in income tax for 1977. OPINION Section 6501(a) provides that the amount of any deficiency in income tax shall be asessed within 3 years after the return was filed. Section 6503(a) provides, however, that the running of the 3-year period of limitations is suspended by "the mailing of a notice under section 6212(a)." Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." Section 6212(b)(1) provides that a notice of a deficiency in respect of an income tax "shall be sufficient" if it is mailed to the taxpayer at his "last known address." *582 Section 6213(a) requires a taxpayer to whom a notice of deficiency is mailed in the United States to file a petition in the Tax Court within 90 days after the notice is mailed. The resolution of this matter requires an application of this intricate statutory framework. It is undisputed by the parties that on April 15, 1981, the final day before the expiration of the 3-year statute of limitations and, thus, the final day on which respondent could have mailed a notice of deficiency which would have suspended the running of the statute of limitations, respondent mailed the erroneously addressed notice. The notice was returned to respondent marked "Not deliverable as addressed", placed in petitioner's administrative file, and never remailed to petitioner. As a result, petitioner never received the notice of deficiency. It is true that a notice of deficiency actually received by a taxpayer is valid under section 6212(a) if it is received in sufficient time to permit him, without prejudice, to file a petition in the Tax Court even though the notice is erroneously addressed. Clodfelter v. Commissioner,527 F.2d 754, 757 (9th Cir. 1975), *583 affg. 57 T.C. 102 (1971); Goodman v. Commissioner,71 T.C. 974, 977-978 (1979); Zaun v. Commissioner,62 T.C. 278 (1974). The receipt of the communication gives the taxpayer actual notice of the IRS' intention to assess a deficiency. [3] It is equally true that a notice of deficiency mailed to a taxpayer's last known address is valid under section 6212(b)(1) even though the taxpayer does not receive it. DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. per order 538 F.2d 334 (9th Cir. 1976); Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 321-322 (1980), affd. per order 673 F.2d 1332 (7th Cir. 1981). [4] Actual receipt of a notice addressed to a taxpayer's last known address is not required. *584 It is clear, however, and neither party contends otherwise, that an erroneously addressed and undelivered notice of deficiency, as in the instant case, is not valid under either section 6212(a) or 6212(b)(1); nor does it suspend the running of the section 6501(a) limitations on assessments. As stated in Brzezinski v. Commissioner,23 T.C. 192, 194 (1954), "a notice sent to the wrong address and not received by the taxpayer is not deemed to have been mailed within the purview of the statute [emphasis added]." See also Trefry v. Commissioner,10 B.T.A. 134, 137 (1928). As explained in Mulvania v. Commissioner,81 T.C. 65, 70 (1983), on appeal (9th Cir. October 21, 1983), "where the notice is sent to the wrong address and never delivered * * * the statutory purpose is not served." In Reddock v. Commissioner,72 T.C. 21, 22 (1979), we decided that a notice mailed to an incorrect address and returned to the IRS undelivered, as in this case, was a "nullity" and did not suspend the running of the statute of limitations. *585 Accordingly, the mailing of the original notice addressed to St. Linda Isle Drive was not a valid section 6212(a) mailing. There remains the issue as to whether mailing the copy of the notice to petitioner's accountant on April 15, 1981, of which petitioner did not learn until about June 1, 1981, constitutes valid notice under section 6212(a) which would suspend the running of the statute of limitations. We think it did not. We are fully aware that the courts have upheld the validity of notices mailed to attorneys or accountants authorized by the taxpayer in broad powers of attorney to receive "all correspondence" relating to a particular year. In Commissioner v. Stewart,186 F.2d 239, 242 (6th Cir. 1951), revg. a Memorandum Opinion of this Court, for example, the Court held valid a notice of deficiency mailed to the taxpayer's attorney who held such broad powers, because "Under the law of principal and agent, the Commissioner's notice to the taxpayer's attorney clothed with such authority [under the broad power of attorney] was notice to the taxpayer himself." Other courts have reasoned that such a power of attorney filed with the IRS constitutes notice of *586 a change of the taxpayer's address to which subsequent notices are to be sent. Expanding Envelope and Folder Corp. v. Shotz,385 F.2d 402, 404 (3d Cir. 1967); Williams, Admn. v. United States,264 F.2d 227, 228-229 (6th Cir. 1959); Birnie v. Commissioner,16 T.C. 861 (1951). In the instant case, however, the accountant was clothed with authority to receive only copies of documents mailed to petitioner. The principal-agent reasoning of Stewart v. Commissioner,supra, therefore, does not apply; nor did the power of attorney filed by petitioner even purport to reflect a change of his address to that of his accountant. In Houghton v. Commissioner,48 T.C. 656, 661 (1967), this Court held that a power of attorney, which requested that copies of correspondence be sent to the taxpayer's representative, did not purport to authorize or require the mailing of the notice to the taxpayer's attorney, stating: Even if we treat the incomplete general power of attorney as valid, it was not sufficient to change the last-known *587 address of petitioner to his attorney's address or to any other address. The power of attorney does not indicate a change of address for petitioner. * * * Nor does it purport to authorize the mailing of the notice of deficiency to his attorney. One paragraph in the power of attorney states that copies of correspondence addressed to petitioner should be sent to his attorney. This does not authorize the mailing of an original document to his attorney. Such copies are a matter of courtesy and in no way affect the mailing requirements of section 6212. Similarly, in Keeton v. Commissioner,74 T.C. 377 (1980), the Court held that the Commissioner could not meet the last known address requirement of section 6212(b)(1) by sending a copy of the notice to the taxpayer's attorney. The Court stated (74 T.C. at 385): "We believe that sending a copy of the deficiency notice by ordinary mail to Roy's [the taxpayer's] attorney fell far short of satisfying the statutory requirement of section 6212(b)." [5] Cf. Rev. Proc. 61-18, 1961-2 C.B. 550. We conclude, *588 therefore, that the mailing of the copy of the notice to the accountant did not meet the statutory requirements of section 6212(a) or 6212(b)(1). Respondent urges, however, that, because petitioner's accountant in fact verbally informed petitioner of his receipt of the copy of a notice of deficiency in sufficient time to permit petitioner to file a timely Tax Court petition, the copy of the notice satisfies the notice requirement of section 6212(a). Respondent contends that this Court's decision in Lifter v. Commissioner,59 T.C. 818 (1973), *589 requires this conclusion. We do not agree. In Lifter, the original of a notice of deficiency was mailed to the address which the taxpayer had given on his tax return for the year at issue. The taxpayer never informed the IRS that he wished correspondence for that year to be sent to any other address. Because other correspondence from respondent to the taxpayer mailed to that address had been returned undelivered, the IRS agent sent a copy of the notice to an attorney who had represented the taxpayer in Federal tax matters for previous years. The attorney received this copy and notified the taxpayers, and they filed a timely petition in the Tax Court. The Court sustained the validity of the notice of deficiency in Lifter, summarizing the reasons at 59 T.C. 824 as follows: In summary, we find that the respondent had reason for mailing the notice of deficiency to the petitioners in the manner chosen by him, and that the purposes of section 6212 have been fully accomplished in that the petitioners received actual notice of the deficiency before the running of the statute of limitations and within sufficient time to prepare and file a petition with this Court. *590 This summary sharply focuses the facts which distinguish those in Lifter from the matter before us. Here, respondent had no reason other than a simple typographical error for mailing the notice of deficiency to petitioner in the manner chosen by him. As a result of that error, not a failure by petitioner to inform the IRS of any change of address, petitioner never received notice, actual or otherwise, from respondent. Further, petitioner did not have his conversation with his accountant about the copy that the accountant had received until approximately June 1, 1981, a month and a half after the statute of limitations had run. [6]
*591 Thus, we are not here dealing with a situation, as we did in Lifter, where the notice was mailed, in the absence of other instructions from the taxpayer, to an address which the taxpayer had given on his tax return for the year at issue. Nor are we dealing with a situation where the taxpayers received a copy of the notice before the statute of limitations had run, and they filed a timely Tax Court petition. "We are dealing with the statute of limitations on assessments which goes to the heart of the Commissioner's power to determine and assess deficiencies." Reddock v. Commissioner,supra at 27. Even if petitioner's conversation with his accountant could be described as actual notice of the IRS determination, such notice, which occurred a month and a half after the statute of limitations had run, was not timely, and, therefore, did not suspend the running of the statute. Compare Goodman v. Commissioner,71 T.C. 974, 978 (1979). Nothing in Frieling v. Commissioner,81 T.C. 42 (1983), a recent court reviewed opinion, requires a different result. In Frieling we held that *592 the running of the statute of limitations was suspended on the date of mailing of an incorrectly addressed notice of deficiency which was received in due course by the taxpayers without prejudicial delay, rather than on the date on which actual notice was received. We based our holding in large part on the Ninth Circuit's opinion in Clodfelter v. Commissioner,527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971), and cited the following from that opinion: It is a section 6212(a) mailing that serves to toll the limitations period under section 6503(a)(1). Accordingly if mailing meets the conditions of section 6212(a), it serves to suspend the running of limitations as of the date of mailing. [7]
*593 For the reasons we have stated, no section 6212(a) mailing occurred in the instant case. Particularly troublesome about respondent's argument are the consequences of a conclusion that the accountant's June 1, 1981, conversation with petitioner constituted actual notice to petitioner of the IRS intention to assess a deficiency. Had the accountant cautiously and warily asked petitioner whether he had received a deficiency notice for 1977 and terminated the conversation upon receiving a negative response, there would be no ground for respondent's actual notice argument. Only because the accountant disclosed in that conversation his own receipt of a copy of a notice does the argument have any possible factual basis. Had the accountant been a lawyer, his advice and the communications leading to that advice would have been protected by the attorney-client privilege. 8 Wigmore, Evidence, sec. 2292 (McNaughton rev. 1961); Upjohn Co. v. United States,449 U.S. 383, 389 (1981). Surely this Court's jurisdiction and the suspension of the running of the statute of limitations cannot be made to depend upon testimony as to the content of a conversation between the taxpayer *594 and a third party, such as his accountant, or on the profession of the participants in such a conversation. We do not think that respondent, apart from the instant case, would advocate such an uncertain rule. We add that we do not intend to approve a taxpayer's spending time on research of the adequacy of "actual notice" while the section 6213(a) period is running. We feel compelled, however, to hold for petitioner in this case. Here the evidence is undisputed that petitioner did not receive the notice of deficiency. Respondent simply made a mistake in addressing the notice. Unless we are to ignore the ground rules prescribed by Congress in section 6503(a), we cannot relieve respondent of the consequences of his mistake. Accordingly, petitioner's motion to dismiss will be granted on the ground that a valid notice of deficiency was not mailed to petitioner. Respondent's motion will be denied. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. See Shelton v. Commissioner,63 T.C. 193↩ (1974).
3. Actual notice from the IRS to a taxpayer, whether transmitted by certified mail, ordinary mail, or hand delivery will suffice. Perlmutter v. Commissioner,44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967); Berger v. Commissioner,404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); Delman v. Commissioner,384 F.2d 929, 933↩ (3d Cir. 1967), affg. a Memorandum Opinion of this Court. 4. In Mulvania v. Commissioner,81 T.C. 65, 68 (1983), on appeal (9th Cir. Oct. 21, 1983), the Court described sec. 6212(b)(1)↩ as a "safe harbor" address to which the IRS may mail a notice.
5. Conversely, the courts have held that the Commissioner's failure to send a copy of a notice of deficiency to a taxpayer's representative who was authorized to receive only copies of all correspondence with the taxpayer does not invalidate a notice of deficiency timely mailed to the taxpayer himself at his last known address. Allen v. Commissioner,29 T.C. 113 (1957); Mickens v. United States,425 F.Supp. 732 (E.D. Mo. 1977); Wagner v. United States,473 F. Supp. 276, 280-281 (E.D. Pa. 1979); Duncan v. Commissioner,T.C. Memo. 1983-778; Jackson v. Commissioner,T.C. Memo. 1983-779↩.
6. See McPartlin v. Commissioner,653 F.2d 1185, 1189 (7th Cir. 1981), revg. and remanding an order of this Court; Crum v. Commissioner,635 F.2d 895, 901 (D.C. Cir. 1980), revg. and remanding an order of this Court. In both of these cases, the notice of deficiency was not sent to the taxpayers' last known address and the taxpayers never received the original notice of deficiency mailed to them by respondent. In both cases, it was held that the 90-day time period for filing a Tax Court petition did not commence until the day of actual notice rather than on the date of mailing as provided in sec. 6213(a). As discussed in the text, at the time of petitioner's June 1, 1981, conversation with his accountant, the sec. 6501(a)↩ limitations period had run.
7. The court of appeals recognized, of course, that mailing of a notice by ordinary mail, Boren v. Riddell,241 F.2d 670 (9th Cir. 1957), as well as personal service, Tenzer v. Commissioner,285 F.2d 956 (9th Cir. 1960), revg. an order of this Court, may also be used to achieve notice. See also Berger v. Commissioner,404 F.2d 668, 672-675 (3d Cir. 1968), affg. 48 T.C. 848 (1967); Delman v. Commissioner384 F.2d 929, 932-934↩ (3d Cir. 1967), affg. a Memorandum Opinion of this Court.