ANNIE MARY TIMMONS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Timmons v. Commissioner
Docket No. 2885-76.
United States Tax Court
T.C. Memo 1978-262; 1978 Tax Ct. Memo LEXIS 254; 37 T.C.M. (CCH) 1134; T.C.M. (RIA) 78262; July 17, 1978, Filed Annie Mary Timmons, pro se. Albert L. Sandlin, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These motions to dismiss for lack of jurisdiction were assigned to and heard by Special Trial Judge Murray H. Falk.The Court agrees with and adopts his opinion which is set forth below. [1]
*255 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 55,678.32 in petitioner's 1970 federal income tax. The notice of deficiency was issued on July 16, 1973. On April 2, 1976, petitioner filed a petition for redetermination of the deficiency. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioner did not file her petition within the time prescribed by section 6213(a). [2] Petitioner filed a document in objection to respondent's motion, alleging that the notice of deficiency in issue was not mailed to her at her last known address. We have treated that document as petitioner's motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was not mailed to her last known address, as well as her opposition to respondent's motion. [3] The parties were heard on both motions. The sole question for decision is whether respondent properly mailed the notice of deficiency to petitioner's last known address. *256 FINDINGS OF FACT At the time the petition herein was filed, petitioner resided in Columbia, South Carolina. For most of 1970, petitioner resided at 1620 Laurel Street, Columbia, South Carolina (hereinafter referred to as the Laurel St. address). Near the end of 1970, petitioner moved to 205 S.E. 2nd Ave., Ft. Lauderdale, Florida (hereinafter referred to as the 2nd Ave. address). She did not file a change-of-address notification with the postal service nor did she notify respondent of her new address. While residing at the 2nd Ave. address, petitioner filed her 1970 federalincome tax return with the Office of Internal Revenue at Columbia, South Carolina, reporting her address to be the Laurel St. address. In March, 1972, petitioner moved from the 2nd Ave. address to 401 N.E. 3rd Ave., Ft. Lauderdale, Florida (hereinafter referred to as the 3rd Ave. address). Again, she did not file a forwarding address with the post office nor inform respondent of her new address. While residing at the 3rd Ave. address, petitioner filed her 1971 federal income tax return, on which she reported the 2nd Ave. address as her residence. Petitioner's 1970 federal income tax return was assigned *257 to Revenue Agent Ed Bowers for audit. On March 12, 1972, he mailed a standard appointment letter to petitioner at 3104 Monroe St., Columbia, South Carolina (hereinafter referred to as the Monroe St. address). Bowers knew that the property at the Laurel St. address had been condemned. He claims to have obtained the Monroe St. address from the Columbia, South Carolina, telephone directory, but petitioner was not listed in the telephone directory as residing at that address. The Monroe St. address appeared, along with several others, on the depreciation schedule filed as part of petitioner's 1970 return. The envelope containing Bowers' appointment letter was returned to respondent bearing the postal mark "Unknown." On that envelope, the Monroe St. address was scratched out and the following address (hereinafter referred to as the Magee address) was handwritten by a postal employee on the face of the envelope: 207 S.W. 7th St. Magee, Miss. 29111 In addition, someone had written "Return to sender not at this address" and "opened by mistake" on the face of the envelope. Unbeknownst to respondent, the post office had received a change-of-address notification on December 7, 1970, directing *258 it to send all mail addressed to the Monroe St. address for the family of A.M. Timmons and Adolph M. Timmons to an address in Denver, Colorado. On May 19, 1971, the post office received another change-of-address card directing the post office to forward all mail addressed to A. McLeod Timmons at the Monroe St. address to the Magee address. Adolph (or Adolphus) McLeod Timmons (A.M. Timmons) is petitioner's brother. He lived at the Monroe St. address prior to December, 1970, but petitioner had not lived there since 1946. She did not file those change-of-address cards with the post office. It was as the result of these change-of-address notifications that the appointment letter addressed to petitioner at the Monroe St. address was forwarded to the Magee address. On August 7, 1972, Bowers mailed an appointment letter to petitioner at the 2nd Ave. address, which he obtained from her 1971 federal income tax return. This letter was returned unopened to respondent and bore the postal mark "Addressee unknown." Bowers made further attempts to ascertain petitioner's current address. He contacted John McGrath, an attorney from Florida who had once represented petitioner in a condemnation *259 proceeding, and who then had a suit pending against her in the Richland County (South Carolina) Court of Common Pleas for alleged nonpayment of legal fees. McGrath informed Bowers that petitioner was living with her sister, Mrs. Flora Plummer, in Magee, Mississippi. At the time of their conversation, McGrath no longer represented petitioner in any legal matter and their relationship was hostile. On March 8, 1973, an audit examination report (30-day letter) was mailed to petitioner in care of Mrs. Flora H. Plummer, Magee, Miss. 39111. The 30-day letter was returned unopened to respondent on March 15, 1973. The envelope was marked "Refused" by the post office. On the face of the envelope, someone had written "Ret. to sender not at Magee address." On July 16, 1973, the notice of deficiency in issue was sent by certified mail to petitioner addressed as follows: Miss Annie M. Timmons c/o Mrs. Flora H. Plummer Magee, Mississippi 39111 A copy of the notice of deficiency was mailed to petitioner in care of Mr. John McGrath, 2591 Trapp Avenue, Coconut Grove, Florida 33133. Respondent determined that the Magee address was petitioner's last known address because: (1) The postal *260 service forwarded the original appointment letter to the Magee address; (2) the handwriting on the returned envelopes containing the original appointment letter and the 30-day letter appeared to respondent's agent to resemble the handwriting on petitioner's 1970 federal income tax return; (3) Mr. McGrath believed petitioner lived in Magee, Mississippi; and (4) in the suit instituted by McGrath against petitioner for unpaid legal fees, the Richland County Court of Common Pleas directed that service of process be made on petitioner by publication and by mailing a copy of the summons to petitioner at the Magee address. On July 20, 1973, the notice of deficiency was returned unopened to respondent with the postal mark "Moved. Left no address" on the face of the envelope.
On December 10, 1973, the Collection Division of the Internal Revenue Service at Chamblee, Georgia, mailed an assessment notice to petitioner at Box 978, Ft. Lauderdale, Florida 33302, which she received. She first became aware of the existence of the notice of deficiency sometime in 1976. On April 2, 1976, petitioner filed a petition with this Court for a redetermination of her tax liability. The envelope containing *261 the petition bore a legible postmark dated March 31, 1976. OPINION This Court has no jurisdiction to redetermine a taxpayer's federal income tax deficiency unless a proper notice of deficiency has been mailed to the taxpayer in accordance with the provisions of law, unless the taxpayer receives actual notice that a notice of deficiency has been issued and files a timely petition. Shelton v. Commissioner,63 T.C. 193, 197 (1974). Respondent contends that petitioner failed to file a petition with this Court within the time prescribed by section 6213(a). Petitioner, on the other hand, contends that the notice of deficiency was not mailed to her addressed to her "last known address," as that term is used in section 6212(b)(1). Regardless of whether petitioner or respondent prevails, we lack jurisdiction to entertain this case on its merits. Nevertheless, we must decide on what ground the case is to be dismissed because different consequences flow from each determination. See Shelton v. Commissioner,supra;O'Brien v. Commissioner,62 T.C. 543, 548 (1974). If a notice of deficiency is properly mailed to the taxpayer at his *262 or her last known address, the taxpayer has 90 days within which to file a petition with the Tax Court for a redetermination of the deficiency. Sec. 6213(a); sec. 6212(b)(1). This is so irrespective of whether the notice of deficiency is in fact received by the taxpayer. Lifter v. Commissioner,59 T.C. 818 (1973). If, however, the notice of deficiency is not properly mailed to the taxpayer's last known address, it is not, as a general rule, deemed to be a valid notice and we are precluded from exercising our jurisdiction. [4]Shelton v. Commissioner,supra;Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), affd. without opinion 538 F.2d 334 (9th Cir. 1976); DeWelles v. United States,378 F.2d 37 (9th Cir.), cert. denied 389 U.S. 996 (1967); Haeberlin v. Commissioner,34 T.C. 58 (1960). The purpose of this statutory scheme is to provide the taxpayer with notice of a deficiency determination and an opportunity to contest that deficiency in this Court before he or she is required to pay it. *263 A taxpayer's last known address is the address which, in the light of all relevant circumstances, the respondent reasonably believes the taxpayer wishes to have the respondent use in sending mail to him. O'Brien v. Commissioner,supra at 548; Lifter v. Commissioner,supra at 821. The relevant inquiry pertains to respondent's knowledge of the taxpayer's last known address; not what may in fact be his or her most current address in use. Alta Sierra Vista, Inc. v. Commissioner,supra at 374; Stewart v. Commissioner,55 T.C. 238 (1970). Administrative realities demand that the burden rest upon the taxpayer to keep respondent informed of his or her proper address. Consequently, taxpayers generally act at their peril if they fail to furnish respondent with clear and concise notification of changes in address. Budlong v. Commissioner,58 T.C. 850 (1972); McCormick v. Commissioner,55 T.C. 138 (1970). While respondent must exercise due diligence in attempting to ascertain the taxpayer's correct address, he is entitled to use the address appearing on a taxpayer's return as *264 the last known in the absence of such notification. Alta Sierra Vista, Inc. v. Commissioner,supra at 374; Lifter v. Commissioner,supra at 821; Clodfelter v. Commissioner,57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976); Delman v. Commissioner,384 F.2d 929 (3d Cir. 1967), affirming a Memorandum Opinion of this Court; Gregory v. United States,57 F. Supp. 962, 102 Ct. Cl. 642 (1944), cert. denied 326 U.S. 747 (1945). Here, respondent clearly did not receive any notification from petitioner that all correspondence should be mailed to her at the Magee address. Consequently, we must decide whether respondent could reasonably believe that petitioner wanted him to mail the notice of deficiency to the Magee address, instead of the address appearing on her 1970 tax return (the Laurel St. address). Respondent determined that petitioner could be reached at the Magee address because the Columbia, South Carolina, post office forwarded Bowers' initial appointment letter there. It is coincidental that petitioner and her *265 brother have identical initials and unfortunate for respondent that the post office forwarded the first appointment letter to the Magee address. However, petitioner never requested the post office to forward any of her mail to the Magee address and she cannot be held responsible for the error. See Estate of McKaig v. Commissioner,51 T.C. 331, 336 (1968); Kennedy v. United States,403 F. Supp. 619 (W.D. Mich. 1975), affd. without opinion 556 F.2d 581 (6th Cir. 1977). Furthermore, the appointment letter was returned to respondent indicating that petitioner was not at the Monroe St. address nor at the Magee address. More significantly, whether or not petitioner was actually at the Magee address, the return of the letter made it clear to respondent that she did not want respondent to mail correspondence to her at that address. Both the appointment letter forwarded to petitioner at the Magee address and the 30-day letter addressed to petitioner at the Magee address were returned to respondent with handwriting on the face of the envelopes. Respondent believed that that handwriting was petitioner's and concluded that she lived at the *266 Magee address. However, respondent never consulted a handwriting expert and none testified at the hearing. Surely, respondent's impressions as to the similarity of the handwriting on the returned envelopes and on petitioner's tax return are insufficient to justify a belief that petitioner resided at the Magee address. Respondent did not exercise due diligence in ascertaining that the Magee address was petitioner's last known address on the basis of such speculative and unreliable information. As a further indication that the Magee address was petitioner's last known address, respondent relies on the information furnished by McGrath and the order of the Richland County Court of Common Pleas directing a copy of the summons in the suit by McGrath to be sent to the Magee address.Respondent argues that petitioner received notice of this suit because, on July 17, 1973, Mr. E. Pickens Rish, an attorney in Lexington, South Carolina, filed a special appearance on behalf of petitioner. However, petitioner testified that she was informed of the proceedings by a friend who read the published notice, and this testimony has not been contradicted. Furthermore, respondent could not have known *267 whether petitioner received the summons at the Magee address because her attorney did not file the special appearance until one day after the notice of deficiency was mailed. At the time the notice of deficiency was sent, respondent already knew that the Magee address was not reliable because the original appointment letter and the 30-day letter were returned. See Clodfelter v. Commissioner,supra;Kennedy v. United States,supra at 622. A great deal of confusion was undoubtedly created by petitioner's constant moving and by her failure to inform respondent of a proper mailing address. However, petitioner never provided the Magee address to respondent and there is no probative evidence that any communication from him ever reached her there. Had respondent mailed the notice of deficiency to the Laurel St. address he would have been insured of its efficacy; petitioner would have had to accept the consequences of not clearly and concisely informing respondent of her proper address. Alta Sierra Vista, Inc. v. Commissioner,supra at 374. Respondent did not properly mail the notice of deficiency, within the intendment *268 of section 6212(b)(1), by sending a copy to petitioner in care of Mr. McGrath. Petitioner did not give a power of attorney to McGrath, nor had she ever given McGrath's address as her own. See, e.g. O'Brien v. Commissioner,supra; Berger v. Commissioner,404 F.2d 668 (3d Cir. 1968), cert. denied 395 U.S. 905 (1969), affg. 48 T.C. 848 (1967). Further, respondent knew that McGrath no longer represented petitioner. Throughout the hearing and in her pleadings and brief petitioner contended that this Court should grant her motion and hear the merits of the case and dismiss the deficiency. Petitioner misunderstands the law and the purpose of this hearing. This Court must have jurisdiction of a case before we can reach the substantive dispute between the taxpayer and the Commissioner of Internal Revenue. This requires satisfaction of the conditions discussed above. Secs. 6212 and 6213. Inasmuch as respondent has not satisfied the provisions of section 6212(b)(1), the case must be dismissed for lack of jurisdiction. Petitioner argues that the invalidity of the notice of deficiency only postpones the start of the 90-day *269 period within which to file a Tax Court petition and that she filed a petition within 90 days of discovering that a notice of deficiency existed.However, the overwhelming weight of authority recognizes that the effect of a notice of deficiency is vitiated if it is not mailed to the taxpayer's last known address or it is not actually received by the taxpayer in time to file a timely petition with this Court. See Alta Sierra Vista, Inc. v. Commissioner,supra;Lifter v. Commissioner,supra, and the cases cited therein. Additionally, petitioner filed her petition 990 days after the notice of deficiency was mailed and approximately 2 1/2 years after she received the assessment notice from the Collection Division. We have found no case where the 90-day period within which to file a petition with this Court was extended in such circumstances. An order dismissing this case for lack of jurisdiction will be entered. Footnotes
1. Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were heard on oral argument.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
3. Petitioner, appearing pro se, has urged us to decide the substantive issues upon which the 1970 federal income tax deficiency was determined and to enter decision in her favor. As more fully discussed herein, we lack the jurisdiction to do so, regardless of who prevails on the question presented.↩
4. We are not faced here with a situation where the taxpayer received actual notice of the issuance of a notice of deficiency in time to file a petition. Cf. O'Brien v. Commissioner,supra at 548-549; Lifter v. Commissioner,supra↩ at 824.