GAILON W. BAILEY, JR. and GERMAINE BAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 2898-81.
United States Tax Court
T.C. Memo 1982-274; 1982 Tax Ct. Memo LEXIS 471; 43 T.C.M. (CCH) 1399; T.C.M. (RIA) 82274; May 18, 1982. Donald B. Brown, for the petitioners. Jeffrey I. Margolis, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: When this case was called for trial on March 8, 1982, pursuant to notice previously given, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within 90 days after the mailing to petitioners by certified mail at their last known address of a notice of deficiency. Petitioners orally moved that this case be dismissed on the ground that the notice of deficiency was not mailed to their last known address. *472 It is clear that this case must be dismissed for lack of jurisdiction. The only issue is the ground for the dismissal. On February 17, 1981, petitioners filed a petition in which they alleged that they were residents of Ventura, California; that they timely filed their Federal income tax return for the year ending December 31, 1975, with the Internal Revenue Service Center, Fresno, California; and that at the time of the filing of that return they resided in Santa Paula, California, but subsequently moved to Ventura on or about May 25, 1977. They further alleged that they were informed and believed that respondent mailed a statutory notice of deficiency to them at their Santa Paula address on or about November 27, 1978, but that respondent knew of their change of address and had sent other correspondence to petitioners at their new address prior to the date of the mailing of the notice of deficiency. In support of this allegation, petitioners attached as an exhibit to their petition a copy of a letter dated August 11, 1978, from the Internal Revenue Service Center at Fresno to petitioners in regard to their 1977 income tax return which was addressed to their Ventura residence. *473 Petitioners alleged that they never received the notice of deficiency and did not know that it had been mailed when they were contacted by the Collection Division of the Internal Revenue Service. Petitioners' prayer is that the Court determine that no valid statutory notice of deficiency was mailed by respondent and that said Collection Division is barred from any collection of taxes on the basis of the statutory notice. On April 9, 1981, respondent filed an answer to the petition which denied all allegations in the petition on the ground that he lacked knowledge or information sufficient to form a belief as to the truth of that allegation except admitted to the mailing of the letter dated August 11, 1978, referred to above which had been sent to petitioners at their Ventura address. It is unnecessary to decide whether the pleadings as filed in this case are sufficient to invoke the jurisdiction of this Court. Clearly, this Court generally has jurisdiction to determine whether a notice of deficiency mailed to a taxpayer was a valid notice. However, because the manner in which this issue is raised in the instant case is in the context of a request that we enjoin the Collection *474 Division from further proceeding to collect tax from petitioners, we seemingly could dispense with deciding the issue since we have no power to grant the injunctive relief sought by petitioners. The petition assigns no error in the determination of the deficiency made by respondent in the notice of deficiency and in that sense is not a petition filed with this Court "for a redetermination of the deficiency." Section 6213(a). [1] However, since respondent has now moved to dismiss the petition on the ground that it was filed more than 90 days after the mailing of the notice of deficiency, and petitioners have orally moved to dismiss the petition on the ground that no valid notice of deficiency had been mailed to petitioners, the fact that this case might be dismissed on other jurisdictional grounds does not deprive us of the power to determine the proper basis of dismissal of the case for lack of jurisdiction. We will consider the two motions made at the hearing and determine which of those grounds is the one on which the case should be dismissed for lack of jurisdiction. As we pointed out in Shelton v. Commissioner,63 T.C. 193, 198 (1974): *475 Every court has judicial power to hear and determine, and inquire into, its own jurisdiction and to decide all questions, the decision of which is necessary to determine the question of jurisdiction. Stoll v. Gottlieb,305 U.S. 165 (1938); * * * See also Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636, 637 (C.A. 5, 1966). When at any time and in any manner it is represented to the Court that it does not have jurisdiction, the Court should examine the grounds of jurisdiction before proceeding further, the question of jurisdiction being always open for determination. Wheeler's Peachtree Pharmacy, Inc.,35 T.C. 177 (1960). * * * The motion to dismiss filed by respondent and the oral motion made by petitioners present a question which is often raised in this Court, although rarely is it raised over two years after the date of the mailing of the notice of deficiency. The facts as developed at the hearing held with regard to the two motions to dismiss for lack of jurisdiction are as follows: Petitioners resided in Ventura, California, at the time of the filing of their petition in this case. At the time petitioners filed *476 their Federal income tax return for the calendar year 1975 they resided at 560 Foothill Road, Santa Paula, California (old address) and stated this to be their address on their 1975 income tax return. In late December 1976, petitioners were sent a notice from the Office of the District Director, Internal Revenue Service, Los Angeles, California, informing them that their 1975 tax return was being audited. This notice was sent to the Santa Paula address at which petitioners resided at that time. On May 25, 1977, petitioners moved from their home in Santa Paula, California, to 7255 La Cumbre Circle, Ventura, California (new address). Petitioners obtained change of address cards from the post office and notified their bank, various companies with whom they had accounts, a number of their friends and the United States Post Office of their change of address. They did not notify the Internal Revenue Service of the address change. On December 9, 1977, the Office of the District Director, Internal Revenue Service, Los Angeles, California, mailed to petitioners a 30-day letter enclosing a copy of the office audit report with respect to their 1975 income tax. This letter was mailed to *477 petitioners' old address. This letter was not returned to respondent as undelivered. Respondent received a letter dated January 4, 1978, from a Jeffery A. Brightwell, on stationery indicating he was an attorney at law and showing his office address. The letter was addressed to the District Director, Internal Revenue Service, and at the top was: "Re: Gailon Bailey, 7255 La Cumbre, Ventura, CA 93003." Reference was made in the letter to the tax year 1975. The letter stated in part: We do not accpet your findings regarding the above taxpayer and do not consent to the assessment you have indicated. We furthermore protest the "summary audit" procedure, in that the above named taxpayer was not noticed and provided with an opportunity to be heard. A discussion is requested with one of your examiners at District Conference level regarding your findings. The letter further stated that it should be considered as a protest and "we do not waive any rights with respect to a full office or field audit for the above named taxpayer." On January 6, 1978, a letter from the Office of the District Director was mailed to Gailon Bailey (petitioner) at the old address. This letter stated *478 that a letter had been received from Jeffery A. Brightwell, attorney at law, requesting that his tax audit be forwarded to the District Conferene Staff. The letter further stated that since "we do not have a power of attorney for Mr. Brightwell, we cannot act on his request," and that "If you disagree with the adjustments, you may request a District Conference or you may file a valid power of attorney with this office for Mr. Brightwell to represent you." The letter requested that respondent be advised within 10 days as to petitioner's intention. This letter was not returned to respondent as undelivered. Respondent received no reply to the January 6, 1978, letter from either petitioners or Mr. Brightwell. On or about April 10, 1978, petitioners filed their Federal income tax return for the calendar year 1977, giving as their address their new address in Ventura. Petitioners received a computer-generated letter dated August 11, 1978, from the Internal Revenue Service Center, Fresno, California, with respect to their 1977 return which stated, "We are processing your Federal income tax return for the year ended Dec. 31, 1977, and we find we need more information." This letter was *479 stamped with a facsimile of the signature of the chief of the Correspondence Section at Fresno. In May 1978 a proposed statutory notice of deficiency for the year 1975 was drafted by an employee in the Audit Division of the District Director, Los Angeles, California, and on May 26, 1978, the proposed deficiency notice addressed to petitioners at their old address in Santa Paula was forwarded to the District Counsel, Internal Revenue Service, for review. This letter was mailed to petitioners by certified mail on November 27, 1978, to their old address in Santa Paula. The letter was not returned to respondent. During the years 1977 and 1978, petitioners' Federal income tax liability for the calendar year 1976 was also under investigation. Respondent, in 1978, issued a notice of deficiency to petitioners for their calendar year 1976, and petitioners received that notice. That notice for the year 1976 was also mailed to petitioners at their old address, which was the address shown on petitioners' 1976 Federal income tax return. Petitioners had a power of attorney on file with the Internal Revenue Service authorizing Mr. Brightwell to represent them for the year 1976.
Petitioners *480 understood that because of their filing a notice of change of address with the post office in Santa Paula all mail received at that post office address to them would be forwarded to them for a period of one year. However, Mr. Bailey was a friend of a person employed in the local post office in Santa Paula and for that reason mail was forwarded to petitioners for more than a year after they moved from Santa Paula to Ventura. Mr. Bailey did not recall receiving any of the correspondence with respect to the year 1975 sent to him by the Internal Revenue Service, but did not know of any other mail addressed to petitioners at their old address in Santa Paula that they did not receive during the years 1977 and 1978. Petitioners were contacted by a representative of the Collection Division of respondent with respect to the collection of the deficiency in their Federal income tax for the calendar year 1975 sometime in 1980. This representative of the Collection Division told Mr. Bailey that the tax for the year 1975 had been assessed pursuant to a statutory notice of deficiency issued in late November 1978. It is respondent's position that the statutory notice of deficiency mailed *481 to petitioners on November 27, 1978, by certified mail to their old address was mailed to petitioners at their last known address as required by section 6212. No petition was filed by petitioners seeking a redetermination of the tax determined in that statutory notice within 90 days after the date of the mailing of the notice. Based on this premise, it is respondent's contention that this Court is without jurisdiction to redetermine the deficiency set forth in the notice of deficiency mailed to petitioners on November 27, 1978. It is petitioners' position that the notice of deficiency with respect to their calendar year 1975 was not mailed to them at their last known address and therefore the petition they filed in this case on February 17, 1981, should be dismissed because no valid notice of deficiency had been mailed to them for their calendar year 1975. Petitioners admit that they did not specifically notify respondent of any change in the address given on their tax return for the year 1975. However, they state that because another address was shown on their tax return for the year 1977 filed in April 1978, and because an attorney who was not authorized to represent petitioners *482 for the year 1975 had mailed a letter to respondent showing Mr. Bailey's address as the new address in Ventura, respondent did not exercise due diligence in not ascertaining that petitioners had changed their address.
Petitioners recognize that the great weight of authority is that a change of address shown on a subsequently filed tax return is not sufficient notice to respondent of a change in a taxpayer's address, but argue that the rule in the Ninth Circuit is different. Petitioners contend that under the holdings of the Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, in the cases of Cohen v. United States,297 F.2d 760, 773 (9th Cir. 1962), and Welch v. Schweitzer,106 F.2d 885 (9th Cir. 1939), a subsequently filed return is sufficient notice of a change in address to require respondent to use the address shown on the subsequently filed return as a taxpayer's last known address. Petitioners also rely on a District Court case, Georgia Pacific Corp. v. Lazy Two T. Ranch, Inc., an unreported opinion ( N.D.Cal. 1976, 76-2 USTC par. 9666, 38 AFTR2d 76-5081). The only one of the cases relied on *483 by petitioners which contains language tending to support petitioner's position is Georgia Pacific Corp. v. Lazy Two T. Ranch, Inc.,supra.In our view the court in that case misconstrues the holding in Welch v. Schweitzer,supra, in a statement in that case which lends some support to petitioners' position. However, the facts as found by the court in the Georgia Pacific Corp. case show that the employees of the Internal Revenue Service were in fact aware of the taxpayer's new address at the time of the mailing of the notice of deficiency. In the case of Welch v. Schweitzer,supra, several returns showing the new address of the taxpayer had been filed at the time the notice of deficiency was issued to the address shown on the taxpayer's tax return for the year for which the notice was being issued. Internal Revenue Service representatives also had other reasons for being aware of the taxpayer's change of address. The holding of the Circuit Court in Welch v. Schweitzer,supra, concisely stated at page 887, is that the application of ordinary business principles to the tax business of the Government requires *484 the Commissioner to avail himself of his business organization in the mailing of a notice of deficiency. The record in that case showed that field agents examining the taxpayer's account with respect to assessments made for another year had supplied the Commissioner with the correct business address of the taxpayer. Although the Welch v. Schweitzer case did point out that the notice sent to the taxpayer in March 1927 with respect to the years 1920 and 1921 was mailed after several returns for other years had been filed showing a change of address, it was not this fact alone on which the Circuit Court relied in reaching its conclusion that the notice was not mailed to the taxpayer's last known address. Petitioners refer to page 773 of the opinion in Cohen v. Commissioner,supra, as supporting their position. We find nothing in the Cohen case at page 773 or elsewhere to support petitioners' position. The Circuit Court in the Cohen case held that the Commissioner normally deals with a taxpayer at the residence or other address which is on record through the taxpayer's tax return for the year involved. The court then pointed out that the Moreno Avenue address *485 was the address shown on the taxpayer's return for the year for which the deficiency notice was mailed and that the taxpayer had not notified the Commissioner of a permanent change of address. The court concluded (at 775): (* * * Here it is clear that the Moreno Avenue address was the last known permanent or residence address of Cohen. We did not hold in Maxfield, or in any other decision, either that mailing to such an address is insufficient, or that there must be, in the case of such mailing, affirmative proof that the taxpayer actually received the letter. The legislative history, cited in Gregory, makes it clear that Congress did not intend such a requirement.) Not only have petitioners failed to cite any case supporting their contention that filing of a subsequent year's return giving a different address is sufficient notice to respondent of a change of address, but in fact the cases referred to by petitioners support respondent's position. As we stated in Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976), the relevant inquiry pertains to the Commissioner's knowledge *486 rather than to what may in fact be a taxpayer's most current address, and the burden is upon the taxpayer to keep the Commissioner informed of his proper address. In the instant case it would have been very unlikely that respondent would have available to him the address on petitioners' 1977 tax return when the notice of deficiency was drafted in May 1978. The testimony shows that it is highly unlikely that the Fresno service center would have processed petitioners' 1977 tax return to the point of having the address shown thereon on its computer records by the end of May 1978. More importantly, however, respondent had not been given such an indication that petitioners' address might have been changed to place on him any necessity to check for a different address. Although Mr. Bailey testified that he did not receive the 30-day letter, it is clear that he must have received that letter because of the letter sent to respondent from an attorney not authorized to represent petitioners. The only basis for the intended protest was the 30-day letter sent to petitioners. When respondent wrote Mr. Bailey asking that he either send a power of attorney or reply himself to the 30-day letter, *487 petitioners should have been alerted to notify respondent of a change in address. Mr. Bailey states that he does not remember receiving this letter. In any event, since he clearly did receive the 30-day letter and gave it to an attorney, he should have inquired of the attorney as to his action with respect to that letter or notified the Internal Revenue Service of his change of address. The other information which petitioners argue should have alerted respondent to this change of address is the letter to respondent from the attorney who was not authorized to represent them for the year 1975. In the first place, this letter was entitled "Re: Gailon Bailey" only and could not possibly have been considered any notice of a change of address of petitioner Germaine Bailey. However, in our view respondent would not have been justified in assuming an attorney who had not bothered to obtain a power of attorney from petitioners before writing the Internal Revenue Service would give a proper address for a taxpayer, and certainly respondent would not have been justified in relying on such an address when no indication was given in the letter that the taxpayer had changed his address. [2] *488 Applying the concept set forth in numerous cases that absent any notification to respondent by a taxpayer that the address shown on his tax return is not his current address, respondent may properly used the address shown on the return for mailing a notice of deficiency, we conclude that the notice here involved was mailed to petitioners at their last known address and was a valid notice of deficiency. See Gray v. Commissioner,73 T.C. 639 (1980); Budlong v. Commissioner,58 T.C. 850 (1972). *489 Finally, we should state that in our view the weight of the evidence in this case is that petitioners did actually receive the notice of deficiency for the year 1975. Mr. Bailey testified that he received all other mail sent to him at the old address at Santa Paula through the year 1978 insofar as he knew, but did not remember receiving any of the letters which the record shows were sent to him by the Internal Revenue Service. Furthermore, petitioner testified that he received the notice of deficiency for the year 1976 in 1978 because it was sent to him by the person who had purchased his house in Santa Paula. Petitioner also testified that he received so much correspondence from the Internal Revenue Service that he was not sure what letters he did or did not receive. At a minimum, when petitioners received a deficiency notice in 1978 with respect to their 1976 tax year addressed to the Santa Paula address, it was incumbent on them to notify respondent of any change in address to which a deficiency notice for 1975 should be sent. Petitioners knew of the audit of their 1975 return because notice of this audit had been sent to them prior to the time they moved from the Santa Paula *490 address. In spite of Mr. Bailey's testimony that he did not recall receiving the 30-day letter mailed to him at the Santa Paula address on December 9, 1977, the record is clear that he must have received it. Furthermore, the records of respondent show that none of the correspondence respondent sent to petitioners at the Santa Paula address, including the notice of deficiency mailed on November 27, 1978, was returned to respondent. If the matter were determinative, which in our view it is not, we would conclude from the evidence in this case that petitioners did in fact receive the notice of deficiency mailed on November 27, 1978, to their old address in Santa Paula. This fact, however, is not determinative since we have concluded that the notice was properly mailed to petitioners at their last known address, and under such circumstances the notice is effective whether or not it was actually received. Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974), and cases there cited. Since the petition in this case was not filed within 90 days after the mailing of the notice of deficiency, respondent's motion to dismiss *491 for lack of jurisdiction will be granted, and petitioners' oral motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. In Timmons v. Commissioner,T.C. Memo. 1978-262↩, we specifically held that when respondent relied on an address furnished to him by an attorney who was not representing the taxpayer with respect to the tax year involved as the address to which to send a notice of deficiency, he had not sent the notice to the taxpayer's last known address. We stated that respondent should have used the address appearing on the taxpayer's return as her last known address, absent some notification from the taxpayer of a change of address, if he did not otherwise have reason to believe that the taxpayer wanted mail directed to her to a different address.